IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MOʻI KAPU, fka JON ELEU FREEMAN SANTOS, aka JON SANTOS,<br><br>              Plaintiff,<br><br>   vs.<br><br>ATTORNEY GENERAL, STATE OF HAWAII, *et al.*,<br><br>              Defendants. | CIVIL NO. 17-00213 DKW-RLP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

On May 4, 2017, Plaintiff King Kamehameha VII, Niʻi Loa Moʻi Kapu ("Moʻi Kapu"), formerly known as John Freeman Eleu Santos, proceeding pro se, filed an Application to proceed *in forma pauperis* ("IFP Application") in a closed civil matter, *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK (D. Haw.).[1] Previously, on January 25, 2017, Moʻi Kapu submitted a document entitled, "Declaratory Relief Judgment" in that same civil matter, Civil No. 13-00562 LEK-BMK (Dkt. No. 105), which the Court now

---

[1] Judgment in favor of Plaintiff Algal Partners, L.P. was entered in that case on October 2, 2014. Civil No. 13-00562, Dkt. No. 84. Defendant Santos filed an appeal in that matter, which the Ninth Circuit dismissed on December 31, 2014. Civil No. 13-00562, Dkt. Nos. 88, 102.

liberally construes as a new Complaint.² In it, Moʻi Kapu attempts to assert claims against the State of Hawaii and the State Attorney General, Sheriff's Division, and Bureau of Conveyances. As best the Court can discern, Moʻi Kapu challenges prior court rulings and the sovereignty of the United States and the State of Hawaii. Because the Complaint fails to state a claim for relief against any Defendant or provide a basis for this Court's subject matter jurisdiction, the Court DISMISSES the Complaint and GRANTS Moʻi Kapu limited leave to file an amended complaint in accordance with the terms of this order by no later than June 9, 2017. The Court GRANTS the IFP Application, as discussed more fully below.³

## DISCUSSION

Because Moʻi Kapu is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that

---

²The caption of the Complaint bears the case number Civil No. 13-00562 LEK-BMK, but it also identifies Santos (now known as Moʻi Kapu) as the plaintiff and various defendants affiliated with the State of Hawaii. In other words, the January 25, 2017 filing identifies the case as *Moʻi Kapu v. State of Hawaii, et al.*, CV 13-00562 LEK-BMK. Because Civil No. 13-00562 LEK-BMK is a closed case, however, the January 25, 2017 filing was initially docketed as correspondence in that matter. *See* Civil No. 13-00562 LEK-BMK, Dkt. No. 105. The instant civil action (Civil No. 17-00213 DKW-RLP) was opened on May 11, 2017 and assigned to this Court. *See* Civil No. 13-00562 LEK-BMK, Dkt. No. 107 (Order Re: Documents Submitted On 1/25/17 and 5/4/17).
³Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

2

"[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

**I.** **Plaintiff's IFP Application Is Granted**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must

nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Moʻi Kapu is employed part-time, and earned $1,200 in take-home pay during the four-month period from January through April of 2017. Based upon the IFP Application, Moʻi Kapu's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Moʻi Kapu has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II.     Plaintiff's Complaint Is Dismissed With Limited Leave to Amend

Upon review of the Complaint, the Court finds that Moʻi Kapu fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to state any discernible basis for judicial relief.

### A.     Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C.

4

§ 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Moʻi Kapu is appearing pro se, the Court liberally construes the Complaint.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see*

5

*also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

### B. The Complaint Fails To State A Claim For Relief

Based on the Court's preliminary screening, it appears that Moʻi Kapu is aggrieved by the district and appellate courts' prior rulings in Civil No. 13-00562 LEK-BMK, the failure of the United States and/or State of Hawaii to pay taxes to the Hawaiian Kingdom, and other "treasonous" conduct by unspecified entities and individuals. Even given a liberal construction, the allegations in the Complaint fail to state any sort of cognizable claim against any defendant or establish this Court's subject matter jurisdiction. It is not clear to the Court what relief, if any, the Complaint seeks. In fact, the allegations are scarcely comprehensible. In short,

the Complaint fails to provide sufficient factual content to enable the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

Moʻi Kapu alleges, in part:

> Because the corporate State of Hawaiʻi Sheriff Department had been directed by this Second Circuit Court of Wailuku whom had granted a "COURT ORDER" TRO Injunction against his majesty from keeping him from entering his (place of residence) within his own Hawaiian kingdom law of jurisdictions by granting this TRO Injunction to this subject parcel TAX MAP KEY: (2) 2-7-003-087 and (2)-7-003-062 address 355 Haiku Rd along with other lands of said filing with the corporate State of Hawaiʻi Bureau of Conveyances the Court had subjected his majesty to "hostilities" and by using this hostilities tactics as said in my ORDER BY THE COURT have been subjected to war crimes under international law as a corporate State while still in hostilities are still in progress.
>
> \*\*\*\*
>
> Based on the ongoing investigation by the U.S. Justice Department per documentation for "Motion for Stay" on Sept 26, 2014· within the jurisdiction of the District Court of Hawaiʻi to Pursuant to 18 U.S.C [sic] ----Fact of the Matter; Misprision of felony; Misprision of treason; as your Majesty King for the Hawaiian Kingdom of King Kamehameha I, Sacred King Kamehameha VII, NIʻI LOA MOʻI KAPU that carries the highest Mana for today in the Hawaiian Kingdom, with my full Authority vested in me by its; HAWAIIAN KINGDOM ROYAL WARRANT; . . . His Majesty, Respectfully request for this court for prayer for relief that shall be exonerated; and rendered from the Second Circuit Court of Wailuku , corporate State of Hawaiʻi for the International Criminal Court The Hague Netherlands as remedy of said filings of Hawaiian Kingdom warrant for multiple felonies that *prima facie* have been and continue to be committed here in Hawaiʻi as war crimes. Complaint for ejectment needs to be rendered in favor for his

7

> majesty properly subject parcel TAX MAP KEY: (2) 2-7-003-087 and (2)-7-003-062 address 355 Haiku Rd. and Kalanikahua lane Haiku as Remedies show cause. Because of my "Motion for Stay" within the jurisdiction of the District Federal Court of Hawaiʻi on date September 26, 2014, this property has been entered into as evidences and is part of a large acreage to be exact 530 acres the Pala Pala Sila Nui Helu "Royal Patent Grant Number 121 to Richard Armstrong;" "Royal Patent Grant Number 144 Palele" and "Royal Patent Grant Number 137 Nahinu[.]" [E]ach Royal Patent had been had been granted by my great grandfather of six generation his majesty King Kamehameha III, but because of the belligerent safety committee that decided to take over a sovereign Kingdom that had been under duress since its time of this take over. This does not change the fact that these lands had never been paid taxes of said Royalty Taxes.

Complaint at 40-42.

The voluminous Complaint suffers from several deficiencies. First, the Complaint does not comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what

theory, with enough detail to guide discovery"). Moʻi Kapu does not clearly identify in any coherent or organized manner the separate causes of action that he is asserting, nor provide specific factual allegations to support his legal conclusions. Rather, the Complaint largely consists of unintelligible narrative statements, and numerous unrelated and unsubstantiated conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Moʻi Kapu's vague accusations relating to several unrelated events in the history of the State, his prior litigation,[4] and his attempts to secure an audience with diplomatic, military, and law enforcement officials.

Second, to the extent he challenges the jurisdiction of this district court to enter orders in this matter, or in the prior civil action (Civil No. 13-00562 LEK-BMK) based upon the existence of the Hawaii Kingdom, *see, e.g.,* Complaint at 6-20, his arguments are without merit. His invocation of the Hawaiian Kingdom or international law, or his understanding of criminal law, does not affect the

---

[4] To the extent he challenges issues raised or ruled upon in the district court or the Ninth Circuit in Civil No. 13-00562 LEK-BMK, his claims are precluded by the doctrine of *res judicata*. *Res judicata*, or claim preclusion, generally bars courts from entertaining litigation of any claims that were raised or could have been raised in a prior lawsuit. *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016). To the extent the Complaint attempts to challenge the final judgment of Hawaii state courts, including any "Second Circuit Court of Wailuku" rulings, Plaintiff's claims are likely barred by the *Rooker–Feldman* doctrine. Under *Rooker–Feldman*, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

legitimacy of the United States or this district court. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993); *State v. Lorenzo*, 77 Haw. 219, 221, 883 P.2d 641, 643 (Ct. App. 1994); *Kupihea v. United States,* 2009 WL 2025316, at *2 (D. Haw. July 10, 2009); *Waialeale v. Offices of U.S. Magistrate(s),* 2011 WL 2534348, at *2 (D. Haw. June 24, 2011) ("The Ninth Circuit, this court, and Hawaii state courts have all held that the laws of the United States and the State of Hawaii apply to all individuals in this State.").[5]

---

[5]This district court has previously rejected his arguments to this effect. In *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK, the plaintiff asserted claims against Moʻi Kapu, formerly known as Jon Santos, to quiet title to two parcels of real property on Maui and for slander. Santos filed a counterclaim alleging that title to the properties "should be held in the name of [the] Hawaiian Kingdom," and that he is a representative of the Kingdom. Civil No. 13-00562 LEK-BMK, Dkt. No. 8 at 21-24. Santos sought a declaration that he is the "Rightful Owner [of the properties] as Heir upon the Heavens as His Principality of this Hawaiian Kingdom." *Id.* at 23. Santos, in his pleadings and supporting documents, raised sovereignty claims, alleged that the State of Hawaii is an illegal entity, and argued that the court had no jurisdiction over the case. The district court granted summary judgment in favor of plaintiff. Civil No. 13-00562 LEK-BMK, Dkt. No. 41. Santos also filed a false notice of ownership, claiming he owned the property on which the United States District Court for the District of Hawaii sits. Civil No. 13-00562 LEK-BMK, Dkt. No. 13 at Ex. 1-A (Notice of Ownership of 300 Ala Moana Boulevard). Additionally, on at least three occasions, he threatened to press war-crimes charges against the district court if it denied his motions. *See, e.g.,* Civil No. 13-00562 LEK-BMK, Dkt. No. 24-1 at 11 ("if this Court refuses to grant Defendant's Motion . . . Defendant will have no alternative but to file a criminal complaint . . . for violating . . . the War Crimes Act"); Dkt. No. 32-1 at 11; Dkt. No. 60-2 at 9. Santos also claimed supremacy above the laws of the United States. Civil No. 13-00562 LEK-BMK, Dkt. No. 60 at 1 ("I and my Kingdom shall supersede all the laws of the United States."). Moreover, he threatened plaintiff's attorneys with physical harm in connection with that lawsuit. Civil No. 13-00562 LEK-BMK, Dkt. No. 67 at Ex. C ("You will feel pain from many different directions . . . pains of death!, ever[y] day of your eternal life."). The court rejected Santos' claims as frivolous and awarded attorneys' fees to plaintiff. *See* Civil No. 13-00562 LEK-BMK, Dkt. No. 99 at 7 ("These actions, combined with [Santos'] claims regarding sovereignty and ownership of the subject property, are so manifestly and palpably without merit, so as to indicate bad faith on [Santos'] part such that argument to the court is not required.") (citation omitted).

Third, to the extent Moʻi Kapu invokes unspecified federal criminal statutes, he fails to state a claim. For example, in several places, he cites Title 18 of the United States Code, or "18 U.S.C. [sic]4," "18 U.S.C. [sic]----," and "misprision of felony, misprision of treason," with no further indication of the specific criminal statute he seeks to enforce. *See, e.g.,* Complaint at 1, 2, 41. No private right of action exists to enforce such criminal statutes, and private individuals such as Plaintiff, have no authority to issue a criminal indictment for violation of unspecified violations of the criminal code, "18 U.S.C. [sic] ----," or any other criminal statute. Moreover, although he references a "Royal Hawaiian Kingdom Warrant," and "evidence[] for the prosecutor," the Court does not have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

Finally, although not entirely clear, to the extent he alleges claims for damages against the State of Hawaii or state officials acting in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Mich. Depʻt State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign

immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).

Because Moʻi Kapu fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be possible, dismissal is with leave to amend, as detailed below.

### C. Subject Matter Jurisdiction Is Not Sufficiently Alleged

Claims may also be dismissed where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action.
12

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, a plaintiff may assert federal question jurisdiction based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Second, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

The Complaint does not clearly state a basis for the Court's subject matter jurisdiction. Although the Complaint makes several references to federal statutes, including the federal criminal code, Mo'i Kapu does not clearly allege federal question jurisdiction based on violations of federal laws. The United States

13

Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Moʻi Kapu fails to do so here. Nor does he even attempt to invoke diversity jurisdiction under Section 1332.

Accordingly, the Complaint fails to sufficiently allege the basis for this Court's subject matter jurisdiction, and for this additional reason, it is DISMISSED with leave to amend.

## III. <u>Leave To Amend</u>

The dismissal of the Complaint is without prejudice, and Moʻi Kapu is granted leave to amend to attempt to cure the deficiencies identified above. If Moʻi Kapu chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of

each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by **June 9, 2017** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, the Complaint is DISMISSED with limited leave to amend, and the IFP Application is GRANTED.

Moʻi Kapu is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **June 9, 2017**. The Court

CAUTIONS Moʻi Kapu that failure to file an amended complaint by **June 9, 2017** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: May 15, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Moʻi Kapu v. United States, et al.*; Civil No. 17-00213 DKW-RLP; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**