IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MOʻI KAPU, fka JON ELEU FREEMAN SANTOS, aka JON SANTOS,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL, STATE OF HAWAII, *et al.*,<br><br>Defendants. | CIVIL NO. 17-00213 DKW-RLP<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## **INTRODUCTION**

On July 7, 2017, Plaintiff King Kamehameha VII, Niʻi Loa Moʻi Kapu ("Moʻi Kapu"), formerly known as John Freeman Eleu Santos, proceeding pro se, filed a First Amended Complaint that once again attempts to assert claims against the State of Hawaii, the State Attorney General, Sheriff's Division, and the Bureau of Conveyances, challenging—as best the Court can discern—prior court rulings as well as the sovereignty of the United States and the State of Hawaii. Dkt. No. 7. The First Amended Complaint suffers from the same deficiencies as Moʻi Kapu's original Complaint, previously identified in the Court's May 15, 2017 Order granting his *in forma pauperis* ("IFP") Application and dismissing the Complaint

with leave to amend. Dkt. No. 4 (5/15/17 Order). Because Moʻi Kapu once more fails to state a claim for relief or establish any basis for this Court's subject matter jurisdiction, the Court DISMISSES the First Amended Complaint pursuant to 28 U.S.C. § 1915(e) and for a second time GRANTS Moʻi Kapu leave to file an amended complaint as detailed below. The Court cautions him that failure to file an amended complaint in accordance with the terms of this order by **September 1, 2017** may result in the automatic dismissal of this action.

## **DISCUSSION**

Because Moʻi Kapu is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

## I. The First Amended Complaint Is Dismissed With Leave to Amend

Upon review of the First Amended Complaint ("FAC"), the Court finds that like the original Complaint, it fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the FAC fails to state any discernible basis for judicial relief.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Moʻi Kapu is appearing pro se, the Court liberally construes the Complaint.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v.*

*Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

**B.      The First Amended Complaint Fails To State A Claim For Relief**

As was the case with his original Complaint, it appears that Moʻi Kapu is aggrieved by the district and appellate courts' prior rulings in *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK (D. Haw), the failure of the United States and/or State of Hawaii to pay taxes to the Hawaiian Kingdom, and other unspecified conduct by numerous entities and individuals. Even given a liberal construction, the allegations in the FAC once more fail to state any sort of cognizable claim against any defendant. Moʻi Kapu alleges, in part—

> The Hawaiian Kingdom has had it fully functioning government of its sovereign's rights! Corporate State of Hawaiʻi has no jurisdiction onto lands claim back by his Majesty for Royal Patents for none payment of Taxes. Lands revert to his Majesty. Until illegally occupied and continue to be occupied by U.S. Military, corporate State of Hawaiʻi and its corporative entities has not paid their fair share of Royalty taxes. The Hawaiian Kingdom under King Kamehameha I, by conquest, then King Kamehameha III, created its own independent sovereign State recognized by the three great nations England, France, and United States of America and later 89 other nations from the world countries with treaty that are still in effect today. Unlike the Cherokee Nation the Hawaiian Kingdom has had it fully functioning government of its sovereignty rights, until corporate business men illegally took control by force with the help of the U.S. Military Navy Command against Queen Liliuokalani on January 17, 1893 on the island of Oahu, committing treason against the Queen by foreign residents residing as United State citizens and subject of the kingdom. Today . . . along with other corporate State of Hawaii employees "List of Name" Exhibits-E Letter to Eric Holder justice department under jurisdiction of this U.S. District Courts of Hawaiʻi as a corporate State have been committed felons for receiving moneys from the opposing State

> as a Sovereign Hawaiian Nation and its lands. Accord[ing] to an Article III Court established under and by Article III of the U.S. Constitution in compliance with Article 43, 1907 Hague Convention IV (36 U.S. Stat. 2277). Article III Courts are Military Courts established by authority of the President, 1 being Federal Courts, which were established as "the product of military occupation." See Bederman, Article III Courts, 44 Mercer Law Review 825879,826 (1992-1993). Military Courts "are generally based upon the occupant's customary and conventional duty to govern occupied territory and to maintain law and order."
>
> ****
>
> Plaintiff asserts that this Court lacks subject matter jurisdiction because the Hawaiian Kingdom continues to exist as a state pursuant to international law and has been under a prolonged an illegal occupation since January 17, 1983 by the United States of America.

FAC at 6–7.

The FAC lists twenty-eight nearly identical counts against both private and government entity and individual defendants for misprision of felony in violation of 18 U.S.C. § 4 based upon "[f]ailure to render aid [to] the Head of State of the Hawaiian Kingdom" and "war crimes." *See* FAC at 7–31. Moʻi Kapu seeks damages "in excess of $10,000,000 (ten million)" for each count. FAC at 32–34. The FAC declares that "[t]oday His Majesty [Moʻi Kapu] is exempt from all state and federal taxes within said jurisdictions. But to make known as soon as possible that valuation of duties is to be paid within the limits of these jurisdiction[al] waters as Royalty exits today." FAC at 35.

The FAC suffers from several of the same deficiencies identified in the original Complaint. First, the FAC does not comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Even applying the most liberal pleading standard, the Court cannot discern the *conduct* of any named defendant upon which any claim is based, other than Moʻi Kapu's accusations

///

///

///

///

relating to several unspecified events in the course of his prior litigation[1] and attacks on the legitimacy of the State of Hawaii and this Court's jurisdiction.

Second, to the extent he challenges the jurisdiction of this district court to enter orders in this matter, or in the prior civil action (Civil No. 13-00562 LEK-BMK) based upon the existence of the Hawaiian Kingdom, *see, e.g.,* FAC at 6–7, his arguments are without merit. His invocation of the Hawaiian Kingdom or international law, or his understanding of criminal law, does not affect the legitimacy of the United States or this district court. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993); *State v. Lorenzo*, 77 Haw. 219, 221, 883 P.2d 641, 643 (Ct. App. 1994); *Kupihea v. United States,* 2009 WL 2025316, at *2 (D. Haw. July 10, 2009); *Waialeale v. Offices of U.S. Magistrate(s),* 2011 WL 2534348, at *2 (D. Haw. June 24, 2011) ("The Ninth Circuit, this court, and Hawaii state

---

[1]To the extent the Complaint attempts to challenge the final judgment of Hawaii state courts, including any "Second Circuit Court of Wailuku" rulings (*see* Counts XV–XVII), Plaintiff's claims are likely barred by the *Rooker–Feldman* doctrine. Under *Rooker–Feldman*, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent he challenges issues raised or ruled upon in the district court or the Ninth Circuit in Civil No. 13-00562 LEK-BMK, his claims are precluded by the doctrine of *res judicata*. *Res judicata*, or claim preclusion, generally bars courts from entertaining litigation of any claims that were raised or could have been raised in a prior lawsuit. *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016).

courts have all held that the laws of the United States and the State of Hawaii apply to all individuals in this State.").[2]

Third, to the extent Moʻi Kapu again invokes federal criminal statutes, he fails to state a claim. For example, he alleges misprision of felony in violation of 18 U.S.C. § 4. In its prior Order, the Court informed Moʻi Kapu that no private right of action exists to enforce such criminal statutes, and private individuals, such as Plaintiff, have no authority to issue a criminal indictment for violation of 18 U.S.C. U.S.C. § 4 or any other criminal statute. *See* 5/15/17 Order at 11. Criminal

---

[2]The district court has previously rejected Mo'i Kapu's arguments to this effect. In *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK, the plaintiff asserted claims against Moʻi Kapu, formerly known as Jon Santos, to quiet title to two parcels of real property on Maui and for slander. Santos filed a counterclaim alleging that title to the properties "should be held in the name of [the] Hawaiian Kingdom," and that he is a representative of the Kingdom. Civil No. 13-00562 LEK-BMK, Dkt. No. 8 at 21-24. Santos sought a declaration that he is the "Rightful Owner [of the properties] as Heir upon the Heavens as His Principality of this Hawaiian Kingdom." *Id.* at 23. Santos raised sovereignty claims, alleged that the State of Hawaii is an illegal entity, and argued that the court had no jurisdiction over the case. The district court granted summary judgment in favor of plaintiff. Civil No. 13-00562 LEK-BMK, Dkt. No. 41. Santos also filed a false notice of ownership, claiming he owned the property on which the United States District Court for the District of Hawaii sits. Civil No. 13-00562 LEK-BMK, Dkt. No. 13 at Ex. 1-A (Notice of Ownership of 300 Ala Moana Boulevard). Additionally, on at least three occasions, he threatened to press war crimes charges against the district court if it denied his motions. *See, e.g.,* Civil No. 13-00562 LEK-BMK, Dkt. No. 24-1 at 11 ("if this Court refuses to grant Defendant's Motion . . . Defendant will have no alternative but to file a criminal complaint . . . for violating . . . the War Crimes Act"); Dkt. No. 32-1 at 11; Dkt. No. 60-2 at 9. Santos also claimed supremacy above the laws of the United States. Civil No. 13-00562 LEK-BMK, Dkt. No. 60 at 1 ("I and my Kingdom shall supersede all the laws of the United States."). Moreover, he threatened plaintiff's attorneys with physical harm in connection with that lawsuit. Civil No. 13-00562 LEK-BMK, Dkt. No. 67 at Ex. C ("You will feel pain from many different directions . . . pains of death!, ever[y] day of your eternal life."). The district court rejected Santos' claims as frivolous and awarded attorneys' fees to plaintiff. *See* Civil No. 13-00562 LEK-BMK, Dkt. No. 99 at 7 ("These actions, combined with [Santos'] claims regarding sovereignty and ownership of the subject property, are so manifestly and palpably without merit, so as to indicate bad faith on [Santos'] part such that argument to the court is not required.") (citation omitted).

charges may only be brought by the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). Counts I through XXVIII alleging violations of 18 U.S.C. § 4 fail to state a claim for relief against any party and are DISMISSED WITH PREJUDICE.

Finally, the Court again informs Moʻi Kapu that his claims for damages against the State of Hawaii or state officials acting in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity). Likewise, his claims against State of Hawaii courts, judges, and court personnel in their official capacities are barred by the doctrine of judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that

the judges should be at liberty to exercise their functions with independence and without fear of consequences."); *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987) (explaining that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986). The claims against the immune state court defendants are DISMISSED WITH PREJUDICE.

Because Moʻi Kapu fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment *may* be possible, dismissal is with leave to amend, as detailed below.

## II. Leave To Amend

Because amendment *may* be possible, the Court once more GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **September 1, 2017**. This Order limits Moʻi Kapu to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. Plaintiff's claims for violation of 18 U.S.C § 4 and all claims against immune defendants are DISMISSED WITH PREJUDICE. The Court cautions Plaintiff that he may not re-allege these claims in any amended complaint.

If Plaintiff chooses to file an amended complaint, he is STRONGLY CAUTIONED that he must write short, plain statements telling the Court: (1) the

specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the First Amended Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety.

Plaintiff may include only one claim per count. Failure to file an amended complaint that attempts to cure the deficiencies noted in this Order by **September 1, 2017** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, the First Amended Complaint is DISMISSED with limited leave to amend. Moʻi Kapu is once more granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **September 1, 2017**. The Court CAUTIONS Moʻi Kapu that failure to file an amended complaint by **September 1, 2017** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: August 2, 2017 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*Moʻi Kapu v. United States, et al.*; Civil No. 17-00213 DKW-RLP; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**