IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MOʻI KAPU, fka JON ELEU FREEMAN SANTOS, aka JON SANTOS,<br><br>         Plaintiff,<br><br>     vs.<br><br>ATTORNEY GENERAL, STATE OF HAWAII, *et al.*,<br><br>         Defendants. | CIVIL NO. 17-00213 DKW-RLP<br><br>**ORDER (1) DENYING MOTION TO STRIKE; (2) DENYING MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION; (3) DENYING MOTION FOR TEMPORARY RECEIVER; AND (4) DISMISSING CASE** |

## **INTRODUCTION**

On October 2, 2017, Plaintiff King Kamehameha VII, Niʻi Loa Moʻi Kapu ("Moʻi Kapu"), formerly known as John Freeman Eleu Santos, proceeding pro se, filed a Second Amended Complaint[1] that once again attempts to assert claims against the State of Hawaii, the State Attorney General, Sheriff's Division, and the Bureau of Conveyances, challenging the sovereignty of the United States and the State of Hawaii and seeking the payment of taxes from the same.   Dkt. No. 11.

---

[1] Although designated the "First Amended Complaint," the Court dismissed Plaintiff's First Amended Complaint with leave to amend on August 2, 2017.   At that time, the Court also directed that any "amended complaint must designate that it is the 'Second Amended Complaint' and may not incorporate any part of the First Amended Complaint."   *See* 8/2/17 Order at 12, Dkt. No. 8. Because the current filing is Plaintiff's third attempt at filing a complaint in this matter, the Court refers to the document as the Second Amended Complaint ("SAC").

Within the Second Amended Complaint, Moʻi Kapu incorporates a Motion to Strike, Motion for Preliminary and/or Permanent Injunction, and a Motion for Temporary Receiver, although the specific relief targeted by each "Motion" is not readily apparent.

The Second Amended Complaint suffers from the same deficiencies as Moʻi Kapu's prior complaints, previously identified in the Court's May 15, 2017 and August 2, 2017 Orders dismissing with leave to amend both his initial Complaint and First Amended Complaint. Dkt. No. 4 (5/15/17 Order) and Dkt. No. 8 (8/2/17 Order). Because Moʻi Kapu once more fails to state a claim for relief, and because the Court determines that further leave to amend is futile, the Second Amended Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e). Likewise, all pending Motions are DENIED, as Plaintiff fails to either identify the relief sought or to establish any entitlement to relief.[2]

## **DISCUSSION**

Because Moʻi Kapu is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that

---

[2]Pursuant to Local Rule 7.2(d), the Court finds these Motions suitable for disposition without a hearing.

"[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g., Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

As detailed below, the SAC is dismissed and further amendment would be futile under the circumstances because: (1) Plaintiff failed to follow the Court's prior Orders; (2) his invocation of this Court's jurisdiction while simultaneously challenging its authority is nonsensical; (3) there is no showing that the government defendants have waived sovereign immunity; and (4) no private cause of action exists for violations of 18 U.S.C. § 4, as alleged.

Even given the most liberal construction possible, to the extent Moʻi Kapu requests injunctive relief or the appointment of a temporary receiver, he fails to establish any entitlement to such relief. Nor is it even clear on the face of the pleadings what relief he seeks. Accordingly, the pending Motions are denied.

## I. The SAC Is Dismissed Without Further Leave To Amend

After twice affording Plaintiff the opportunity to amend his complaints, and providing specific instructions on the permissible parameters of such amendment, Moʻi Kapu again fails to state a claim. As discussed below, even liberally construed, the SAC fails to state any discernible basis for judicial relief.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Moʻi Kapu is appearing pro se, the Court liberally construes the SAC and related Motions.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v.*

*Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

### B. The SAC Fails To State A Claim For Relief

As was the case with his prior pleadings, it appears that Moʻi Kapu is aggrieved by the district and appellate courts' prior rulings in *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK (D. Haw), the failure of the United States and/or State of Hawaii to pay taxes to the Hawaiian Kingdom, and other unspecified conduct by numerous entities and individuals. Even given a liberal construction, the allegations in the SAC once more fail to state any sort of cognizable claim against any defendant.

As a preliminary matter, the Court observes that Moʻi Kapu neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's August 2, 2017 Order. The Court permitted him to amend to attempt to cure the deficiencies noted in that Order, but specifically explained that his claims for violation of 18 U.S.C § 4 and all claims against immune defendants were dismissed *with prejudice* and cautioned that those claims were *not* to be re-alleged in any amended complaint. *See* 8/2/17 Order at 11. The SAC, however, alleges nearly identical claims against what appear to be the same defendants. Insofar as the SAC simply repeats the same allegations against the same parties, it is axiomatic that they fail to state a claim—they were all previously dismissed for that reason. Even viewing the SAC in the light most favorable to Plaintiff, the re-asserted claims

previously dismissed *with prejudice* exceed the leave to amend granted in the Court's August 2, 2017 Order.

The SAC and associated Motions, although far from clear, also seek the following—

> REQUEST, MOTION MOVES TO STRIKE; MOTION FOR ENJOINED A PRELIMINARY "TRO" TEMPORARY RESTRAINING ORDERS; DEFENDANT, HIS MAJESTY MAY OBTAIN BY EX PARTE MOTION ORDER TO SHOW CAUSE AGAINST HARASSMENT AS TO THREAT OF DAMAGES FROM SUFFERING IMMEDIATE IRREPARABLE INJURY TO THE SUBJECT MATTER AS PROVISIONAL REMEDY; COMPEL ALL PARTIES OF THE OPPOSING PARTIES RESPONDENTS IN THIS PLEADING FROM THIS COURT['S] JURISDICTION OF THIS PROCEEDING. FOR REASONS THEREOF, HIS MAJESTY NOW WILL REQUEST ENTERING TO SUSTAIN THE COURT PROCEEDING AS A PERMANENT INJUNCTION FOR REASONS BEING THE SUBJECT MATTER OF THE ACTION THAT HAS BEEN THREATEN[ED] AND VIOLATED FOR YEARS BY QUIET TITLE ACTION AGAINST HIS MAJESTY LIVING TRUST, JURISDICTION OF THE COPORATE STATE OF HAWAI'I, HAS BEEN VIOLATING THE LIVING TRUST OF KING KAMEHAMEHA I, FOR NON-PAYMENTS OF ROYALTY TAXES; MOTION FOR TEMPORARY RECEIVER. TO TAKE ACTION AND POSSESSION OF THE CORPORATE STATE OF HAWAII'S CHECK BOOK, BY POWER OF THE PURSE, BECAUSE OF FELONIES OF WAR-CRIMES BEING COMMITTED BY INDIVIDUALS BY ITS GOVERNOR, LIEUTENANT GOVERN[OR], ATTORNEY GENERAL AND EMPLOYEES OF THE CORPORATE STATE OF HAWAI'I.

SAC at 3.

As he did in the First Amended Complaint ("FAC"), Moʻi Kapu again alleges in the SAC—

> The Hawaiian Kingdom has had it fully functioning government of its sovereign's rights! Corporate State of Hawaiʻi has no jurisdiction onto lands claim back by his Majesty for Royal Patents for none payment of Taxes. Lands revert to his Majesty. Until illegally occupied and continue to be occupied by U.S. Military, corporate State of Hawaiʻi and its corporative entities has not paid their fair share of Royalty taxes. . . . Today. . . along with other corporate State of Hawaii employees "List of Name" Exhibits-E Letter to Eric Holder justice department under jurisdiction of this U.S. District Courts of Hawaiʻi as a corporate State have been committed felons for receiving moneys from the opposing State as a Sovereign Hawaiian Nation and its lands. Accord[ing] to an Article III Court established under and by Article III of the U.S. Constitution in compliance with Article 43, 1907 Hague Convention IV (36 U.S. Stat. 2277). Article III Courts are Military Courts established by authority of the President, 1 being Federal Courts, which were established as "the product of military occupation." See Bederman, Article III Courts, 44 Mercer Law Review 825879,826 (1992-1993). Military Courts "are generally based upon the occupant's customary and conventional duty to govern occupied territory and to maintain law and order."
>
> \*\*\*\*
>
> Plaintiff asserts that this Court lacks subject matter jurisdiction because the Hawaiian Kingdom continues to exist as a state pursuant to international law and has been under a prolonged and illegal occupation since January 17, 1983 by the United States of America.

SAC at 13–15.

In large part, the SAC appears to assert Moʻi Kapu's own claimed exemption from the payment of applicable state and federal taxes, in addition to his demand that both the United States and State of Hawaiʻi pay to him all taxes or duties owed to the Hawaiian Kingdom. *See* SAC at 43 ("Today His Majesty is exempt from all state and federal taxes within said jurisdictions. But to make known as soon as possible that valuation of duties is to be paid within the limits of these jurisdiction waters as Royalty exists today.").

The SAC, like the FAC, lists twenty-eight nearly identical counts against both private and government individual and entity defendants for misprision of felony in violation of 18 U.S.C. § 4 based upon the "[f]ailure to render aid [to] the Head of State of the Hawaiian Kingdom" and "war crimes." *See* SAC at 17–39. Moʻi Kapu seeks damages ranging from "$93,000 (ninety-three thousand)" to "in excess of $10,000,000 (ten million)," varying by defendant, but also seeks to "quiet title and demands safe passage to his estates," from other defendants. SAC at 40–42.

The SAC suffers from the same deficiencies identified in both the original Complaint and the FAC. First, the SAC yet again fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to

9

satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Even applying the most liberal pleading standard, the Court cannot discern the conduct of any named defendant upon which any claim is based, other than Moʻi Kapu's apparent challenge to the legitimacy of the State of Hawaii and his desire to avoid paying taxes.

Second, to the extent he challenges the jurisdiction of this district court to enter orders in this matter based upon the existence of the Hawaiian Kingdom, *see, e.g.,* SAC at 15, his arguments are without merit. His invocation of the Hawaiian Kingdom or international law, or his understanding of criminal law, does not affect the legitimacy of the United States or this district court. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993); *State v. Lorenzo*, 77 Haw. 219, 221, 883 P.2d 641, 643 (Ct. App. 1994); *Kupihea v. United States,* 2009 WL 2025316, at *2 (D. Haw. July 10, 2009); *Waialeale v. Offices of U.S. Magistrate(s),* 2011 WL 2534348, at *2 (D. Haw. June 24, 2011) ("The Ninth Circuit, this court, and Hawaii state courts have all held that the laws of the United States and the State of Hawaii

apply to all individuals in this State."). This Court, and others, have repeatedly rejected Moʻi Kapu's arguments to this effect.[3]

Third, to the extent Moʻi Kapu again invokes federal criminal statutes, he fails to state a claim. In its prior Orders, the Court informed Moʻi Kapu that no private right of action exists to enforce the criminal statutes cited, and private individuals, such as Plaintiff, have no authority to issue a criminal indictment for violation of 18 U.S.C. § 4 or any other criminal statute. *See* 5/15/17 Order at 11; 8/2/17 Order at 9 (dismissing identical claims *with* prejudice). Criminal charges may only be brought by the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). Counts I through XXVIII alleging violations of 18 U.S.C. § 4 fail to state a claim for relief against any party.

Finally, the Court again dismisses the claims for damages against the State of Hawaii or state officials acting in their official capacities as barred by the Eleventh Amendment. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159,

---

[3]*See, e.g.*, 5/15/17 Order at 9–10; 8/2/17 Order at 8–9; *Algal Partners, L.P. vs. Jon Freeman Eleu Santos, et al.,* Civil No. 13-00562 LEK-BMK, Dkt. No. 41 (granting summary judgment in favor of plaintiff, rejecting Moʻi Kapu's counterclaim alleging that title to properties should be held in the name of the Hawaiian Kingdom and that he is a representative of the Kingdom); *see also* Civil No. 13-00562, Dkt. No. 99 at 7 (Rejecting claims as frivolous and awarding attorneys' fees to plaintiff, holding that: "These actions, combined with [Moʻi Kapu's] claims regarding sovereignty and ownership of the subject property, are so manifestly and palpably without merit, so as to indicate bad faith on [his] part such that argument to the court is not required.") (citation omitted).

166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity). Likewise, his claims against State of Hawaii courts, judges, and court personnel in their official capacities are barred by the doctrine of judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."); *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987) (explaining that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986). The claims against the immune state court defendants fail to state a claim for relief. *See* 8/2/17 Order at 10–11 (dismissing identical claims *with prejudice*).

In sum, Moʻi Kapu again fails to state a plausible claim for relief and the SAC is DISMISSED. Because further amendment would be futile, dismissal is without leave to amend. Moʻi Kapu failed to follow both the Court's prior Orders and the pleading requirements of Rule 8. The SAC does not clearly—if at all—allege: exactly what each defendant did or failed to do; how the action or inaction of each defendant is connected to the violation of Plaintiff's rights; or what specific injury Plaintiff suffered because of each defendant's conduct. It is impossible to discern how or which of Moʻi Kapu's allegations relate to each claim or to each defendant. *See Iqbal*, 556 U.S. at 678 ("[A Complaint] demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Moʻi Kapu was given two prior opportunities to amend his complaint to state a plausible claim, together with the directions on how to do so. Despite these opportunities, he has been unable to comply. The Court therefore finds that any further attempt to amend would be futile.

## II.  **The Pending Motions Are Denied**

Although the SAC includes cursory references to a "Motion Moves to Strike," a "Motion for a . . . Preliminary 'TRO' Temporary Restraining Order," a "Permanent Injunction," and a "Motion for Temporary Receiver," the requests

amount to no more than a single reference or two in the caption of the document and in the introduction to the SAC. *See* SAC at 1, 3. Moʻi Kapu does not explain in any detail the bases for these Motions or, in large part, the specific relief sought.

With respect to the Motion to Strike, there is no way for the Court to determine with any certainty what he actually seeks to "strike." He references no pleading, document, or other matter that he would like stricken. Accordingly, the Motion to Strike is denied.

The Motion for Preliminary and/or Permanent Injunction also fails to set forth any cognizable claim for relief.[4] He references a "threat of damages from suffering immediate irreparable injury . . . threatened and violated for years by quiet title action against his majesty living trust . . . the Corporate State of Hawaiʻi has been violating the living trust of King Kamehameha I for non-payments of royalty taxes." SAC at 3. Moʻi Kapu fails to meet the substantive burden to justify the remedy he seeks. A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a

---

[4]The standard for issuing a temporary restraining order ("TRO") is identical to the standard for issuing a preliminary injunction. *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999).

balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

As discussed above, Moʻi Kapu fails to state a claim upon which relief may be granted against any defendant. In short, nothing in the SAC demonstrates any past or imminent future injury caused by defendants sufficient to justify the relief sought. The allegations in the SAC present no serious question that he is in danger of irreparable injury, that the balance of equities tips in his favor, or that an injunction is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135. Accordingly, the Motion for Preliminary and/or Permanent Injunction is denied.

Finally, to the extent he seeks a temporary receiver "to take possession of the Corporate State of Hawaii check book by power of the purse, because of felonies of war-crimes being committed by individuals by its Governor, Lieutenant Govern[or] and Attorney General, employees of the Corporate State of Hawaii," SAC at 15, the request is wholly without merit. Mo'i Kapu cites no authority or basis for the request.

In sum, upon careful review of the SAC, Motions and voluminous exhibits attached thereto, the Court concludes that Moʻi Kapu is not entitled to the relief he seeks. Accordingly, the pending Motions are DENIED.

## **CONCLUSION**

Based upon the foregoing, the Second Amended Complaint is DISMISSED without further leave to amend. All pending Motions are DENIED. The clerk of court is directed to close the case.

IT IS SO ORDERED.

Dated: October 6, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Moʻi Kapu v. State of Hawaii, et al.*; Civil No. 17-00213 DKW-RLP; **ORDER (1) DENYING MOTION TO STRIKE; (2) DENYING MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION; (3) DENYING MOTION FOR TEMPORARY RECEIVER; AND (4) DISMISSING CASE**